## CITY OF BELLEVILLE

v.

## EDWARD H. FLEMMING.

SALARY OF POLICE OFFICER—COST OF UNIFORM.—The ordinances of the city provided that the members of the police force should receive $600 per annum for services, and no more. Another ordinance provided for the furnishing to such officer by the city of a uniform, to be paid for by the officer in sums of $5 per month, to be withheld from his wages, and further providing that at the end of his term, if there should be a surplus arising from such $5 accumulations, it should be paid to him: *Held*, that construing all the ordinances together, the officer was entitled only to $600, and that he would be required to pay for his uniform.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed October 6, 1881.

Mr. W. J. UNDERWOOD, for appellant.

Mr. EDWARD L. THOMAS, for appellee; as to construction of the ordinances, cited Platt v. U. P. R. R. Co. 9 Otto, 48; The People v. Burns, 5 Mich. 114.

CASEY, P. J. Appellee was captain of the night police of the city of Belleville for the term of sixteen months. For his services the city paid him fifty dollars per month. This suit was brought before a justice of the peace by appellee against appellant, to recover an additional sum of five dollars per month, which he claims is due to him under and by virtue of the ordinances of said city. The case was appealed to the circuit court, where a jury was waived, the cause submitted to

City of Belleville v. Flemming.

the court, resulting in a judgment in favor of appellee for the sum of eighty dollars, or five dollars per month during the time appellee was acting as captain of the night police.    Appellant entered a motion for a new trial, which was refused by the court, and the case comes to this court by appeal.    One of the reasons assigned is that the court erred in refusing the motion for a new trial.

The only question for consideration is whether or not appellee is entitled, under the ordinances of the city of Belleville, to five dollars per month in excess of the fifty dollars per month already paid to him; section 76 of chapter 5 of the ordinances of said city on the subject of fees and salaries, is as follows:   "There shall be allowed and paid to the captain of the night police, and to each policeman of this city, an annual salary of six hundred dollars and no more; which said salary shall be paid in equal monthly installments in each year;" section 240 of chapter 12 of said ordinances, provides as follows: "The captain of the police, and each policeman of the police force of the city, shall be uniformed by the city at his cost, as provided hereafter."    Section 241 of said chapter 12, provides that:   "The city shall issue and deliver to the captain, and each member of the police force, a uniform suit of clothes, and an overcoat, on condition that they shall let accumulate, and remain undrawn from the city treasury, the sum of five dollars each month of their respective salaries, until such accumulated sums so remaining undrawn in the city treasury, including the allowance for clothing, shall equal the costs of such respective uniform suits and overcoats.    That the clerk shall open a clothing account for the captain, and each policeman, and credit the same at the end of each month's service of the respective member of the police, with the sum of five dollars, and charge each member of the police on his respective clothing account, with the actual cost price of any uniform, overcoat, or part of uniform, issued to him as provided heretofore; and if at the end of the municipal year, or at any time when any member of the police force, ceases to be a member of the police force, for whatever cause the respective member having such surplus in his clothing account, shall be entitled to an

order on the treasurer for any balance so due, to be paid out of the appropriation for police. In addition to the accumulation, each and every member of the police force shall enter into a good and sufficient bond, payable to the city of Belleville, in the penalty of $50, with security to be approved by the city counsel, conditioned that such member of the police, or his representative, will pay to the city of Belleville, in full of all the actual cost of such respective uniform or overcoat, issued in accordance with the provisions of this section."

It does not seem very difficult to arrive at a correct conclusion as to the true intent and meaning of these ordinances. Stripped of verbiage, section 76 provides that the pay of the captain of the night police shall be $600 per annum, and no more. This is a positive declaration as to his salary. There can be nothing uncertain or doubtful about it. The municipal authorities declared that his salary should be so much, and no more. Section 240 provides that the captain of the night police shall be uniformed by the city at his cost. That means, beyond any question, that the city will furnish the uniform, but the captain of the police is to pay the city for it, as as the section declares is hereafter provided. Section 241 provides that the city will upon a certain condition, deliver to the captain of the police force a uniform. The condition is that he will out of his salary, leave $5.00 per month in the city treasury, until the amount so accumulated shall equal the costs of the uniform. And for that purpose, it is made the duty of the city clerk to open a clothing account with each policeman, including the captain of the night police, wherein he is to charge each one with the cost price of the uniform, and at the end of each month give each policeman credit for the $5.00 so allowed to accumulate. At any time when a member of the police ceases to belong to the force, and there is a surplus in the treasury to his credit, arising from the $5.00 monthly accumulation, such member is entitled to that surplus. But to secure the city against loss because of the uniform furnished, the ordinances require that each policeman should enter into a bond with surety, to be approved by the

city counsel, conditioned that he will pay the city of Belleville in full the actual cost of such uniform.

The spirit and meaning of these ordinances are that the policemen shall pay for their uniform out of their monthly pay. It seems quite impossible to arrive at any other conclusion. Counsel for appellee seems to claim that, because of the words *"including the allowance for clothing,"* the city intended and did provide for the uniform of the policemen in addition to their monthly pay of $50 per month. This position is not tenable. The words are meaningless, or may be regarded as surplusage. They do not in any event change or destroy the very evident meaning of the section or of the ordinance referred to. We have no hesitation in saying that these ordinances taken together, require that the captain of the night police should pay for his uniform, and that his salary was $600 per annum, and no more. That amount he has received. The judgment of the circuit court is reversed and the cause remanded.

                                    Reversed and remanded.